UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:06-cr-109-FtM-29DNF

JAMES A. ESTRELLA
_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss Petition for Warrant or Summons For Offender Under Supervised Release (Doc. #90) and Allegations One and Two of Superceding Petition for Offender Under Supervised Release (Doc. #96) (Doc. #97) filed on February 13, 2014. The Unites States Response (Doc. #101) in opposition was filed on February 27, 2014.

On February 4, 2014, the undersigned revoked defendant's prior term of supervised release based upon prior violations, sentenced him to time served, and imposed a new eighteen month term of supervised release. (Doc. #89.) After this was done, the Probation Office discovered that defendant's January 29, 2014, urine specimen tested positive for cocaine, and that his February 4, 2014, urine specimen tested positive for cocaine. The Probation Office filed a two count Petition for Warrant or Summons For Offender Under Supervised Release (Doc. #90) based upon these violations. Later, the Probation Office filed a Superceding Petition for Offender Under Supervised Release (Doc. #96) which encompassed these two violations and others.

The Petition for Warrant or Summons For Offender Under Supervised Release (Doc. #90) is **DISMISSED** because the allegations are now incorporated in the Superceding Petition. The first alleged violation of the Superceding Petition is **DISMISSED** because defendant's use of cocaine is alleged to have taken place during a time period for which he was no longer on supervision and a warrant or summons had not been issued prior to the termination of that supervision. 18 U.S.C. § 3583(i). While the government may be correct that the positive test result is admissible, it cannot be a free-standing violation of the new term of supervision because the court lacks jurisdiction over that alleged violation. The motion is **DENIED** as to the second violation, however, because it may be possible for the government to prove that the violation took place after defendant had been placed on the new term of supervision. If the government fails to so prove, the court will also lack jurisdiction over that allegation.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss Petition for Warrant or Summons For Offender Under Supervised Release (Doc. #90) and Allegations One and Two of Superceding Petition for Offender Under Supervised Release (Doc. #96) (Doc. #97) is **GRANTED** in part and **DENIED** in part. The first violation of the Superceding Petition is **DISMISSED**. The motion is otherwise denied.

2. Notice of the final revocation hearing will be scheduled by separate notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
U.S. Probation
DCCD